IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN WILLIAM SCHARNHORST, III                                                                PLAINTIFF

      v.                           Civil No. 5:22-CV-05138-TLB-MEF

CHIEF DEPUTY JAY CANTRELL,
Washington County Detention Center;
MAJOR RANDALL DENZER,
Washington County Detention Center;
LIEUTENANT KEVIN EAST,
Washington County Detention Center;
LIEUTENANT NOLAN AKE,
Washington County Detention Center; and,
LIEUTENANT AMANDA ARNOLD,
Washington County Detention Center,                                                          DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, John William Scharnhorst, III, a prisoner, filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants are denying him access to literature, news, and religious materials at the Washington County Detention Center ("WCDC") in violation of his First Amendment rights. (ECF No. 1). The Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP") (EFC No. 3), the Defendants have filed an Answer to the Complaint (EFC No. 8), and the Court has issued an Initial Scheduling Order (EFC No. 9).

Plaintiff has since filed a Motion for an Emergency Injunction. (ECF No. 10). Defendants, through counsel, have filed a response opposing this motion. (ECF Nos. 11, 12). Having considered Plaintiff's motion and reviewed Defendants' response, and for all the reasons outlined below, the undersigned recommends that Plaintiff's motion be denied.

### I.    BACKGROUND

Although Plaintiff labeled his motion "Motion for Emergency Injunction," upon review,

1

Plaintiff is actually making two motions. First, citing his lack of legal education and restricted access to the WCDC's legal resources, Plaintiff requests a court order requiring the WCDC to transport him to the law library so that he can conduct legal research related to this litigation. (ECF No. 10). The Court addresses this motion in a separate order. Second, Plaintiff requests an order requiring the WCDC to provide the newspaper on the days it is not available on the kiosk either because WCDC staff has failed to upload it onto the kiosk, or the kiosk itself is non-operational. *Id.* The Court views this request as Plaintiff's Motion for Emergency Injunction.

## II.     LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, courts consider the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury granting the injunction will inflict on other interested parties; and (4), whether the issuance of an injunction is in the public interest. *Dataphase Systems, Inc. v. C. L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).

While no single factor is dispositive, "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen*, 530 F.2d 204, 206 (8th Cir. 1976). The moving party—in this case, the Plaintiff—bears the burden of proving a preliminary

injunction is warranted. *See Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

### III. ANALYSIS

Plaintiff has not met his burden. First, Plaintiff has failed to establish a likelihood of success on the merits. Plaintiff alleges that Defendants Ake and Arnold "have failed to consistently provide the local newspaper or to implement a procedure to ensure that the newspaper be provided on a consistent basis and organized fashion despite numerous requests and grievances." (ECF No. 10, p. 6). "Prisoners have a First Amendment right to receive published materials, subject to reasonable limitations." *Collins v. Burl*, Civil No. 2:11-CV-40-DPM-BD, 2011 WL 2457532, at *1 (E.D. Ark. June 17, 2011) (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). This right, however, does not "create an affirmative duty on prisons to provide news publications to inmates." *Id.*; *see also Hall v. Phillips*, No. Civ. 04-4131, 2005 WL 3789233 (W.D. Ark. Dec. 14, 2005), *adopting* 2005 WL 3783651, at *7-8 (finding no constitutional violation where detention facility did not provide the newspaper when there were no allegations that plaintiff could not have obtained these materials on his own).

Here, Plaintiff merely alleges that the WCDC does not always have the daily newspaper available on the kiosk; Plaintiff does not allege that the WCDC has implemented an absolute ban on newspapers. (ECF No. 10). And he does not allege that the WCDC has prevented him from receiving the newspaper directly from the publisher. Further, the WCDC has articulated multiple legitimate penological interests in support of its decision to make the daily newspaper electronically available on the kiosk, as opposed to providing a physical copy directly to WCDC detainees. (ECF No. 12, p. 2). *See Cooper v. Schriro*, 189 F.3d 781, 784 (8th Cir. 1999) ("Prison regulations which restrict an inmate's access to publications are valid under the Constitution if

'reasonably related to legitimate penological interests.'"). On this record, therefore, it is unlikely that Plaintiff's allegation that the WCDC's failure to ensure that the daily newspaper is always available to detainees on the kiosk raises to the level of a constitutional violation. Accordingly, this factor weighs against an emergency injunction.

Similarly, the remaining factors weigh against granting a preliminary injunction. Regarding the second factor, Plaintiff has failed to establish that he will suffer irreparable harm if the injunction is not granted. Indeed, Plaintiff does not allege that he has suffered *any* injury because he has not had daily access to the local newspaper on the WCDC kiosk. In considering the potential burden of an injunction on the Defendants, moreover, the Court recognizes that "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration. . . . It is therefore all the more important that federal courts abstain from imposing strict standards of conduct, in the form of injunctions, on prison officials in the absence of a concrete showing of a valid claim and constitutionally mandated directives for relief." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982). Thus, the Court finds that the potential harm to the Defendants if the injunction were granted outweighs any speculative harm to the Plaintiff absent the injunction. Accordingly, the second and third factors also weigh against an injunction.

Finally, emergency injunctive relief is not in the public's interest. "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Although preserving constitutional rights is in the public's interest, *see D.M. by Bao Xiong v. Minn. State High Sch. League*, 917 F.3d 994, 1004 (8th Cir. 2019), as noted

above, it is unlikely that detainees have a constitutional right to ensure that the facility provides inmates with the daily newspaper. *Collins v. Burl*, Civil No. 2:11-CV-40-DPM-BD, 2011 WL 2457532, at *1 (E.D. Ark. June 17, 2011) (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). Further, as the Supreme Court has noted, "it is difficult to imagine an activity in which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of its prisons." *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1987). Accordingly, courts should give deference to prison authorities. *See Turner v. Safley*, 482 U.S. 78, 84-85 (1987). Although at issue here is a county pre-trial detention facility, the Court finds that the same considerations apply. As such, the Court finds that the public interest weighs against issuing a preliminary injunction in this case.

## IV.   CONCLUSION

For the reasons outlined above, the undersigned recommends that Plaintiff's Motion for Emergency Injunction (ECF No. 10) be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of September 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE