IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JOHN WILLIAM SCHARNHORST, III**                                                                 **PLAINTIFF**

V.                                            CASE NO. 5:22-CV-5138

**CHIEF DEPUTY JAY CANTRELL,**
**Washington County Detention Center;**
**MAJOR RANDALL DENZER,**
**Washington County Detention Center;**
**LIEUTENANT KEVIN EAST,**
**Washington County Detention Center;**
**LIEUTENANT NOLAN AKE,**
**Washington County Detention Center; and**
**LIEUTENANT AMANDA ARNOLD,**
**Washington County Detention Center**                                                            **DEFENDANTS**

## OPINION AND ORDER

Before the Court is the Report and Recommendation ("R&R") (Doc. 14) filed by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. The R&R concerns Plaintiff John William Scharnhorst, III's Motion for Emergency Injunction (Doc. 10). In the Motion, Mr. Scharnhorst asks the Court to order the Washington County Detention Center ("WCDC") to: (1) transport him to a law library so that he can conduct legal research and (2) provide him a newspaper "on the (many) days that it is not available due to the failure by the Defendants to upload it to the kiosk and the (many) days that the kiosk is out of service." *Id.* at p. 2.

The Magistrate Judge denied Mr. Scharnhorst's request for a transport order on September 27, 2022. (Doc. 13). Mr. Scharnhorst then filed a motion to reconsider (Doc. 15), and the Magistrate Judge issued a second order further explaining and justifying his decision. *See* Doc. 18. The Magistrate Judge possessed the authority to deny the

1

transport request without submitting it to the undersigned for an R&R. The Court therefore finds that the request for injunctive relief pertaining to the transport order is now **MOOT**.

The only issue remaining is Mr. Scharnhorst's request for injunctive relief with respect to accessing a daily newspaper. In considering a motion for preliminary injunction under Federal Rule of Civil Procedure 65, the Court evaluates the following factors: (1) the movant's likelihood of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between the harm to the movant and the injury that granting an injunction would cause other interested parties; and (4) the public interest. *Dataphase Systems, Inc. v. C. L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).

The R&R correctly observes that prisoners have a First Amendment right to receive published materials, including news publications. (Doc. 14, p. 3). However, according to the Magistrate Judge:

> Plaintiff merely alleges that the WCDC does not always have the daily newspaper available on the kiosk; Plaintiff does not allege that the WCDC has implemented an absolute ban on newspapers. And he does not allege that the WCDC has prevented him from receiving the newspaper directly from the publisher. Further, the WCDC has articulated multiple legitimate penological interests in support of its decision to make the daily newspaper electronically available on the kiosk, as opposed to providing a physical copy directly to WCDC detainees.

*Id.* (internal citations omitted).

Mr. Scharnhorst filed objections to the R&R, *see* Docs. 16 & 17, which triggered the Court's de novo review of the entire record. *See* 28 U.S.C. § 636(b)(1)(C). Mr. Scharnhorst agrees that on some days, the WCDC provides him the newspaper in electronic format through the kiosk. On other days, though, no electronic paper is provided at all, which means he and other inmates have no access to the daily

2

newspaper. Mr. Scharnhorst disputes the jail's claim that there is a legitimate penological interest in providing only electronic access to the newspaper, as opposed to a hard copy. But setting that disagreement aside, it is obvious to the Court that the WCDC misunderstands Mr. Scharnhorst's request for injunctive relief: He is not complaining that he would much rather receive the daily newspaper in hard copy; he is complaining that on "many" days, without justification or explanation, the WCDC fails to provide him *any* daily newspaper in *any* format. (Doc. 10, p. 2). The Court observes that a jail's absolute denial of access to newspapers may be unconstitutional. *See Mann v. Smith*, 796 F.2d 79, 82 (5th Cir. 1986) ("Absolute bans on inmate access to newspapers and magazines . . . violate the First Amendment because they are an 'exaggerated response' to legitimate penological needs."); *Koger v. Dart*, 114 F. Supp. 3d 572, 583 (N.D. Ill. 2015) (finding that when an easy alternative exists—such as permitting newspapers to be viewed in libraries and day rooms, but not individual cells—a total ban on newspapers is an exaggerated response to a jail's concerns).

Here, the WCDC voluntarily decided to provide a daily newspaper to its inmates in electronic format on the kiosk. *See* Doc. 12, p. 2 (emphasizing the fact that, without exception, "[a] daily newspaper is, in fact, available, via the electronic kiosk"). Mr. Scharnhorst contends that consistently providing the newspaper on the kiosk—and providing a paper version on the days the kiosk is down—does not undermine any legitimate penological interest. Defendants do not dispute this contention in their briefing. *See id.* Accordingly, the Court finds that Mr. Scharnhorst has met his burden to justify the issuance of a preliminary injunction. He has demonstrated a likelihood of success on the merits of his claim that Defendants are violating his constitutional rights through their

policy of banning access to newspapers on the days the electronic kiosk is unavailable. Therefore, the first *Dataphase* factor weighs in favor of granting the injunction.

Because the violation of one's First Amendment rights cannot be fully remedied through money damages, the Court finds the second *Dataphase* factor also weighs in favor of granting the preliminary injunction. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976).

As for the third factor, which balances the harm to the movant against the injury that granting the injunction would inflict on all interested parties, the Court finds as follows: (1) the WCDC has taken the position that it can—and does—provide the daily paper to inmates through the kiosk without jeopardizing the safety or operation of the facility in any manner; (2) the WCDC has failed to explain why providing a paper copy of the newspaper only on the days the electronic version is unavailable would jeopardize the safety and operation of the facility; and (3) granting a preliminary injunction will not unduly burden the WCDC because the injunction will order the facility to do what it already claims it is doing (namely, providing inmates with daily access to the newspaper on the kiosk) or to provide a reasonable alternative in the form of a paper copy of the newspaper on the days the electronic copy is unavailable. The third *Dataphase* factor therefore weighs in favor of granting the injunction.

Finally, the fourth factor involves the public's interest, which is well served when jails are required to refrain from violating inmates' constitutional right to receive news and information, particularly when the jail cannot articulate any legitimate penological interest in denying access to such information.

**IT IS THEREFORE ORDERED** that the Court **ADOPTS IN PART AND DECLINES TO ADOPT IN PART** the R&R (Doc. 14) as explained above. Plaintiff's Motion for

4

Emergency Injunction (Doc. 10) is **GRANTED IN PART AND DENIED IN PART**. The Court hereby enters the following preliminary injunction:

> **The Washington County Detention Center is ORDERED to provide a daily newspaper to inmates in electronic format, and if an electronic version is unavailable, to provide another form of access, such as a hard copy.**
>
> **IT IS SO ORDERED** on this 10th day of November, 2022.
>
> _____
> TIMOTHY L. BROOKS
> UNITED STATES DISTRICT JUDGE