IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN WILLIAM SCHARNHORST, III                                                                PLAINTIFF

v.                          Civil No. 5:22-CV-05138-TLB-MEF

CHIEF DEPUTY JAY CANTRELL,
Washington County Detention Center;
MAJOR RANDALL DENZR,
Washington County Detention Center;
LIEUTENANT KEVIN EAST,
Washington County Detention Center;
LIEUTENANT NOLAN AKE,
Washington County Detention Center; and,
LIEUTENANT AMANDA ARNOLD,
Washington County Detention Center,                                                          DEFENDANTS.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, John William Scharnhorst, III, a prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983, generally alleging that Defendants are denying him access to literature, news, and religious materials at the Washington County Detention Center ("WCDC") in violation of his constitutional rights. (ECF No. 1). This matter comes now before the Court on Plaintiff's Motion for a Temporary Restraining Order (TRO). (ECF No. 23). Having received the Defendants' response and brief in opposition, (ECF Nos. 25 & 27), this Court finds that Plaintiff's motion is ripe for consideration. For the reasons outlined below, the undersigned recommends that this motion be denied.

### I.   BACKGROUND

Plaintiff has filed four other civil rights actions in this District. *See Scharnhorst v. Helder, et al.*, 5:22-CV-05167-TLB-CDC (W.D. Ark. Aug. 10, 2022); *Scharnhorst v. Cantrell, et al.*, 5:22-

CV-05218-TLB-CDC (W.D. Ark. Oct. 19, 2022); *Scharnhorst v. Cantrell et al.*, 5:22-CV-05176-TLB-CDC (W.D. Ark. Aug. 30. 2022); and *Scharnhorst v. Cantrell et al.*, 5:22-CV-05232-TLB-MEF (W.D. Ark. Nov. 28, 2022). Across these cases, Plaintiff has filed three additional motions for injunctive relief, which remain pending at this time. *See Scharnhorst*, Motion for Preliminary Injunction, 5:22-CV-05218-TLB-CDC (W.D. Ark. Nov. 23, 2022) (ECF No. 7); Motion for Temporary Restraining Order, 5:22-CV-05218-TLB-CDC (W.D. Ark. Dec. 7, 2022) (ECF No. 9); *Scharnhorst*, Motion for Temporary Restraining Order, 5:22-CV-05176-TLB-CDC (W.D. Ark. Nov. 3, 2022) (ECF No. 23).

Further, this is Plaintiff's second request for injunctive relief in this case. (*See* ECF No. 10). Plaintiff's current TRO requests a court order to stop the Defendants from harassing him. (ECF No. 23). Specifically, Plaintiff claims that since he has exposed the allegedly unclean and unsanitary conditions of the WCDC, WCDC personnel have "undertaken a campaign of bullying and harassment against me." *Id.* at 1. Plaintiff alleges that WCDC personnel have implemented practices of "making the jail dirty, refusing to clean up after themselves, and holding the detainees accountable for the cleanliness of the jail, docking commissary of those who they deem 'responsible' for the uncleanliness, while simultaneously refusing to provide cleaning supplies . . . ." *Id.* Plaintiff claims that he has thoroughly cleaned his cell and points to the following as evidence of harassment and bullying: Captain Nolan Ake has made two unannounced visits to his cell "to try to find something that he can use as justification to punish [him]"; Dfc. Tyler Beck has kicked a food tray over in his cell only to then order him to clean up the food that had scattered everywhere; Dfc. Eric Frye has come into his cell ostensibly looking for contraband, finding only the washcloths he uses to clean his cell and the cracker box he uses as a trash can

because he is prohibited from throwing trash on the floor or into the toilet.  *Id.* at 1-2.

Plaintiff contends that WCDC holds detainees accountable for maintaining a clean facility, but guards throw trash on the floors, personnel refuse to allow detainees to clean the common areas after meals, and personnel refuse to clean these areas themselves.  (ECF No. 23 at 2).  Plaintiff further alleges that WCDC personnel sweep all debris into the common areas using dirty mops and brooms and then they leave it there for people to track all over the dayroom.  *Id.*  Plaintiff claims that he has been in his cell for two-and-a-half months, and it is spotless, but these dirty mops and brooms are used on his cell, contaminating his otherwise clean cell with food, hair, unknown bodily fluids, and bacteria, requiring him to clean his cell again.  *Id.*  Plaintiff contends that WCDC personnel are violating his right to a clean environment, including clean living quarters, and his right to be free from harassment. *Id*. at 3.

In response, Defendants deny the allegations.  (ECF No. 25).  Additionally, Defendants argue that Plaintiff has not met his burden to establish that injunctive relief is warranted under the standard articulated in *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc).  For the reasons outlined below, it is recommended that Plaintiff's Motion for a Temporary Restraining Order (ECF No. 23) be denied.

## II.  LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions.  In deciding a motion for a temporary restraining order or a preliminary injunction, courts consider the following *Dataphase* factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury granting the injunction will inflict on other interested

parties; and (4), whether the issuance of an injunction is in the public interest. *Dataphase Systems, Inc. v. C. L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).

While no single factor is dispositive, "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen*, 530 F.2d 204, 206 (8th Cir. 1976). The Court, moreover, is mindful that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520-21 (8th Cir. 1995).

### III.    ANALYSIS

The purpose of a preliminary injunction in a lawsuit is to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (citing *Dataphase v. Sys., Inc., v. C.L. Sys., Inc.*, 640 F.2d 109, 113 & n.5 (8th Cir. 1981) (en banc)). Accordingly, as a threshold matter, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975)). The moving party—in this case, the Plaintiff—bears the burden of proving a preliminary injunction is warranted. *See Goff*, 60 F.3d at 520.

Here, the gravamen of the Complaint is that the Defendants have denied Plaintiff access to literature, news, and religious materials at the WCDC in violation of his constitutional rights. (ECF No. 1 at p. 5). Plaintiff's TRO motion, by contrast, claims that WCDC personnel have retaliated against him by not only failing to maintain a clean facility but by purposefully creating a dirty facility in violation of his constitutional rights. (ECF No. 23). These TRO claims are entirely separate from the factual predicate of the original claim in the Complaint. Such claims, therefore, cannot establish a basis for injunctive relief in this case. *See Hale v. Wood*, 89 F.3d 840, 840 (8th Cir. 1996) (per curiam) ("We reject [Plaintiff's] contention that defendants' allegedly threatening and retaliatory behavior mandate granting injunctive relief, because [Plaintiff] failed to establish a connection between these injuries and the conduct he challenged in the complaint."); *Devose*, 42 F.3d at 471 (concluding that claims of retaliation for bringing a § 1983 lawsuit cannot form the basis for injunctive relief because the claims are entirely different from the claims raised in the complaint).

Accordingly, the analysis stops here. The Court need not consider the four *Dataphase* factors because Plaintiff's Motion for Temporary Restraining Order does not establish a basis for relief as a matter of law.

## IV.   CONCLUSION

For the reasons outlined above, the undersigned recommends that Plaintiff's Motion for Temporary Restraining Order (ECF No. 23) be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties**

**are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of December 2022.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE