IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN WILLIAM SCHARNHORST, III                                                                  PLAINTIFF

v.                        Civil No. 5:22-CV-05138-TLB-MEF

CHIEF DEPUTY JAY CANTRELL,
Washington County Detention Center;
MAJOR RANDALL DENZER,
Washington County Detention Center;
LIEUTENANT KEVIN EAST,
Washington County Detention Center;
LIEUTENANT NOLAN AKE,
Washington County Detention Center; and,
LIEUTENANT AMANDA ARNOLD,
Washington County Detention Center,                                                           DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, John William Scharnhorst, III, a prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983, generally alleging that Defendants are denying him access to literature, news, and religious materials at the Washington County Detention Center ("WCDC") in violation of his constitutional rights.[1]  (ECF No. 1).   Several motions are currently before the Court, including Plaintiff's Motion to Compel (ECF No. 26), Motion for Temporary Restraining Order (ECF No. 37), and his Motions for Contempt (ECF Nos. 28, 29, 44), and the Defendants' Motion to Stay Pending Interlocutory Appeal (ECF No. 34), and Renewed Motion to Stay and

---

[1] Plaintiff was a pretrial detainee at the WCDC at the time he filed this matter.  (ECF No. 1).  Since then, he has resolved his criminal cases in Washington County, and he has been transferred to the Benton County Detention Center ("BCDC") pending state criminal charges in that county.  *State v. Scharnhorst*, 04CR-23-136 (Ark. Cir. Ct. Jan. 20, 2023) (Ark. Court Connect) (AOC).

1

Alternative Motion for Extension of Time to File Motion for Summary Judgment (ECF No. 50).

## I.     PROCEDURAL HISTORY

The procedural posture of this case defies easy summation. The following constitutes the relevant posture of this matter for the purposes of this report and recommendation:

- Plaintiff filed a Motion for Emergency Injunction, requesting an order requiring the Defendants to provide a newspaper on the days it is not available on the WCDC's kiosk system. (ECF No. 10). Defendants opposed the motion. (ECF No. 12). Upon review, the undersigned recommended denying Plaintiff's motion. (ECF No. 14). Plaintiff objected (ECF No. 16). The Honorable Timothy L. Brooks, District Judge, overruled the undersigned's recommendation and granted a preliminary injunction ordering the WCDC to provide a daily newspaper to inmates in electronic format, and if an electronic version is unavailable, to provide another form of access, such as a hard copy. (ECF No. 21).

- Plaintiff subsequently filed a second Motion for Temporary Restraining Order (ECF No. 23), requesting an order directing the Defendants and other WCDC staff to cease harassing him in purported retaliation for filing this action. Defendants opposed this motion. (ECF No. 25). Upon review, the undersigned recommended denying the motion on the grounds that Plaintiff failed to establish the necessary relationship between the injury he alleged in his request for injunctive relief and the basis for his Complaint. (ECF No. 33). *See Hale v. Wood*, 89 F.3d 840, 840 (8th Cir. 1996) (per curiam) ("We reject [Plaintiff's] contention that defendants' allegedly threatening and retaliatory behavior mandate granting

injunctive relief, because [Plaintiff] failed to establish a connection between these injuries and the conduct he challenged in the complaint."). Judge Brooks adopted this recommendation without objection. (ECF No. 46).

- While Plaintiff's second motion for temporary restraining order was pending, he filed a Motion to Compel disclosures (ECF No. 26), and two Motions for Contempt (ECF Nos. 28, 29) alleging that Defendants failed to comply with Judge Brooks' order granting his first request for injunctive relief. Defendants responded in opposition to Plaintiff's motion to compel (ECF No. 32), and they also filed a notice of appeal to United States Court of Appeals for the Eighth Circuit from Judge Brooks' order granting Plaintiff's first motion for injunctive relief (ECF No. 30).

- Upon receipt of Defendants' Motion to Stay Pending Interlocutory Appeal (ECF No. 34), Plaintiff was directed to file his response no later than January 17, 2023 (ECF No. 36). Prior to filing a response to Defendants' motion to stay, Plaintiff filed his third Motion for Temporary Restraining Order (ECF No. 37), requesting an order directing the Defendants to stop interfering with the delivery of his mail. Defendants' filed responses in opposition to Plaintiff's motions for contempt (ECF Nos. 38, 39), and a response opposing Plaintiff's third request for injunctive relief (ECF No. 42). Plaintiff subsequently filed his response in opposition to Defendants' motion to stay (ECF No. 47), and he filed a third Motion for Contempt (ECF No. 44). Defendants filed a response in opposition to Plaintiff's third motion for contempt (ECF No. 48), and a renewed Motion to Stay and Alternative Motion for Extension of Time to File Motion for Summary Judgment (ECF No. 50).

Having reviewed the parties' submissions and for the reasons outlined below, the undersigned recommends: (1) that Defendants' Motion to Stay Pending Interlocutory Appeal (ECF No. 34) be GRANTED IN PART, but be denied with respect to Plaintiff's third Motion for Temporary Restraining Order (ECF No. 37); (2) that Plaintiff's third Motion for Temporary Restraining Order (ECF No. 37) be DENIED; (3) that Defendants' Renewed Motion to Stay and Alternative Motion for Extension of Time to File Motion for Summary Judgment (ECF No. 50) be DENIED as moot; and (4), that all other pending motions, including Plaintiff's Motions for Contempt (ECF Nos. 28, 29, 44) and Plaintiff's Motion to Compel (ECF No. 26), be STAYED consistent with this recommendation.

## II.     THE PENDING MOTIONS

Plaintiff's third Motion for Temporary Restraining Order (ECF No. 37) and Defendants' Motions for Stay (ECF No. 34, 50) are discussed, in turn, below.

First, in Plaintiff's third Motion for Temporary Restraining Order, he alleges that WCDC staff are refusing to send his outgoing mail to the Defendants' attorney, JaNan Arnold Thomas. (ECF No. 37, p. 1).  Plaintiff claims that on December 7, 2022, and December 8, 2022, he gave Dfc. Stout envelopes properly stamped and addressed to JaNan Arnold Thomas for delivery, but these envelopes were returned to him the next day and he was told they would not be mailed.  *Id*. Plaintiff asserts that there is no legitimate reason why WCDC staff will not deliver his mail, and he claims that WCDC's failure to deliver his mail is "purely malicious" and designed to thwart his efforts to prosecute his lawsuits against the facility.  *Id*.   In apparent reference to the four factors courts consider in deciding a motion for injunctive relief, *see Dataphase Sys., Inc. v. C L Sys., Inc*., 640 F.2d 109 (8th Cir. 1981) (en banc), Plaintiff argues that, absent a court order, the Defendants

4

will continue to violate his constitutional right to association and access-to-the-courts, that Judge Brooks already determined that there is a likelihood that he will prevail on the merits, that injunctive relief will not cause the Defendants to suffer any injury, and that injunctive relief is in the public's interest.

In response, Defendants appear to make several arguments in the alternative. First, Defendants deny that they were personally involved in either the inspection of or the refusal to deliver the Plaintiff's mail. (ECF No. 42). They also argue that WCDC's policy prohibiting detainees from mailing anything other than documents would have resulted in Plaintiff's letters being intercepted because Plaintiff attempted to mail "dirt and other physical object(s)" to Defendants' attorney, JaNan Arnold, "under the guise that the same constituted 'discovery.'" *Id.* at ¶¶ 5-6. Further, Defendants allege that Plaintiff has failed to establish a violation of his right to "access-to-the-courts" because he does not assert any facts suggesting that he suffered any injury from his mail being intercepted. *Id.* at ¶ 9. And Defendants argue that he has established no relationship between his request for injunctive relief and the claims he asserts in his Complaint. *Id*. at ¶ 12. Finally, also in apparent reference to the four *Dataphase* factors, Defendants argue that these factors weigh against Plaintiff's request for injunctive relief. *Id*. at ¶¶ 13-17.

Turning to the Defendants' Motion to Stay Pending Interlocutory Appeal (ECF No. 34), citing Rule 62(c) of the Federal Rules of Civil Procedure and Rule 8(a)(1)(A) of the Federal Rules of Appellate Procedure, Defendants analyze each of the four factors courts consider when evaluating whether to stay an order pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other

parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  According to Defendants, these factors weigh in favor of granting the stay, because Defendants are likely to prevail on the merits in showing that the Plaintiff does not have a constitutional right to have a daily newspaper provided by the County; the Plaintiff's threats of incarceration and requests for money damages for the Defendants' purported failure to comply with the order would lead the Defendants to suffer irreparable harm if the order is not stayed; issuing a stay will not injure Plaintiff because he has made no showing of physical injury; and a stay of the order is in the public's interest given the amount of resources WCDC has spent on litigating this matter.  (ECF No. 35).  Plaintiff, however, asserts in response that these factors weigh in *his* favor.  (ECF No. 47).  While deferring the issue regarding a stay of the injunction to the Court, Plaintiff argues that a stay in the proceedings would cause him injury by violating his due process rights to the timely adjudication of his claims.  *Id*.

### III.    DISCUSSION

Because the undersigned's recommendation regarding the Defendants' Motion to Stay Pending Interlocutory Appeal ("Motion to Stay") (ECF No. 34) affects the recommendations regarding all other pending motions, the undersigned addresses the motion to stay first.

#### A.    Motion to Stay Pending Interlocutory Appeal

**1. Legal Standard**

Defendants' Motion to Stay Pending Interlocutory Appeal (ECF No. 34) requests both a stay of the order granting injunctive relief and a stay in the proceedings.

Ordinarily, the filing of a notice of appeal divests the district court of jurisdiction.  *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a

notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). This principle serves two purposes: "First, it promotes judicial economy for it spares a trial court from considering and ruling on questions that possibly will be mooted by the decision of the court of appeals. Second, it promotes fairness to the parties who might otherwise have to fight a confusing 'two front war' for no good reason, avoiding possible duplication and confusion by allocating control between forums." *United States v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989).

Where, as here, however, the appeal is from an interlocutory order granting a motion for preliminary injunction, "the filing of the notice of appeal from such an order does not ipso facto divest the district court of jurisdiction to proceed with the cause with respect to any matter not involved in the appeal, or operate to automatically stay other proceedings in the cause pending appeal." *Janousek v. Doyle*, 313 F.2d 916, 920 (8th Cir. 1963). Accordingly, "the district court retains jurisdiction to adjudicate matters collateral, or tangential, to the appeal." *Mille Lacs Band of Ojibwe*, Case No. 17-CV-05155 (SRN/LIB), 2021 WL 1400069 at * 2 (D. Minn. April 14, 2021) (internal citation omitted).

Further, pursuant to Rule 62 of the Rules of Civil Procedure, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P.62(d). This rule "codifies the inherent power of courts to make whatever order is deemed necessary to preserve the status quo and to ensure the effectiveness of the eventual judgment."

*Knutson v. AG Processing, Inc.*, 302 F. Supp. 2d 1023, 1033 (N.D. Iowa 2004).

## 2. Motion to Stay the Injunction

Regarding the Defendants' request to stay the injunction pending appeal, the undersigned recommends that the order for injunctive relief be stayed.

In considering whether to stay an injunction pending appeal, courts consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). "The applicant bears the burden of establishing the propriety of a stay." *SAGE v. Osseo Area Schools*, Case No. 05-CV-2100 JNE/FLN, 2006 WL 890754, at *1 (D. Minn. 2006) (citing *Reserve Mining Co. v. United States*, 498 F.2d 1072, 1076 (8th Cir. 1974)). In considering such motions, moreover, courts "maintain a flexible approach when applying the [] factors and balancing the equities between the parties." *Walker v. Lockhart*, 678 F.2d 68, 70 (8th Cir. 1982).

Regarding the first factor, Judge Brooks' order granting Plaintiff's first request for injunctive relief found that Plaintiff "demonstrated a likelihood of success on the merits of his claim that Defendants are violating his constitutional rights through their policy of banning access to newspapers on the days the electronic kiosk is unavailable." (ECF No. 21). The first *Hilton* factor, therefore, weighs against the stay.

However, the second and third factors weigh in favor of granting the stay. As a preliminary matter, the undersigned notes that the parties' circumstances have changed significantly since the issuance of the order for injunctive relief: namely, since at least January 22,

8

2023, Plaintiff is no longer being detained at the WCDC. (ECF No. 49). *See Nken v. Holder*, 556 U.S. 418, 434 (2009) ("[T]he propriety of [the issue of a stay] is dependent upon the circumstances of the particular case.") (cleaned up). Plaintiff is, therefore, no longer subject to the conditions that gave rise to his request for injunctive relief. Put differently, Plaintiff is no longer subjected to a violation of his constitutional rights due to the purported failure of WCDC to provide a paper copy of the newspaper on the days it is not available on the electronic kiosk. On this record, the undersigned finds that the potential injury to Plaintiff for granting the stay is negligible, at best, and this factor weighs in favor of granting the stay.

Defendants, by contrast, have articulated a sufficient showing that they will suffer significant injury if required to comply with the order for injunctive relief pending appeal. Specifically, Defendants cite the administrative and logistical burden on the facility to ensure that a paper copy of the newspaper is available to WCDC detainees on the days it is unavailable on the kiosk. (ECF No. 35). Defendants claim that requiring the WCDC to provide a paper copy of the newspaper to each inmate when it is unavailable on the electronic kiosk system would introduce a considerable amount of paper into the facility, creating safety and security concerns that inmates would use the paper to cover surveillance cameras and hide weapons and other contraband, as well as to compound the amount of trash and debris in the facility. *Id*. The potential injury to the Defendants—and to the safety and security of WCDC staff and pretrial inmates—is great. This factor therefore weighs heavily in favor of granting the stay.

With respect to the fourth factor, Judge Brooks concluded that the public interest is "well served when jails are required to refrain from violating inmates' constitutional right to receive news and information, particularly when the jail cannot articulate any legitimate penological

9

interest in denying access to such information." (ECF No. 21). Thus, the fourth factor weighs against a stay in the order for injunctive relief. On balance, however, the undersigned finds that the factors weigh in favor of granting the stay, particularly considering that Plaintiff is no longer detained at the facility and the potential injury to the Defendants—and the safety and security of other WCDC pretrial inmates—if the stay were not granted is substantial. Accordingly, the undersigned recommends that the order for injunctive relief be stayed pending the interlocutory appeal, and, further, that Plaintiff's Motions for Contempt likewise be stayed pending the outcome of the appeal.

### 3. Motion to Stay the Proceedings

Turning to Defendants' request to stay the proceedings, Plaintiff urges the Court to deny this request, claiming he would suffer injury if adjudication on the merits is delayed. (ECF No. 47). Defendants, however, claim that a stay is necessary to "avoid piecemeal litigation and to preserve the resources of the party and the Court." (ECF No. 34).

"A district court has broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006). Relevant factors to the Court's determination include: "the conservation of judicial resources and the parties' resources, maintaining control of the court's docket, providing for the just determination of cases, and hardship or inequity to the party opposing the stay." *Frable v. Synchrony Bank*, 215 F. Supp. 3d 818, 821 (D. Minn. 2016); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as incident to its power to control its own docket."). Here, these factors weigh in favor of a staying the proceedings pending the interlocutory appeal, except for first addressing Plaintiff's third request for injunctive relief.

The Court is mindful that Plaintiff has an interest in the timely adjudication of his case. However, as noted above, Plaintiff has been transferred to a different detention facility and is no longer subject to the conditions that gave rise to his Complaint. As such, the undersigned finds that a stay in the proceedings will not cause Plaintiff to suffer any hardship. Further, the appeal will likely resolve some of the legal issues in this case—specifically, the extent of Plaintiff's constitutional right to receive daily newspapers at the WCDC. Although this issue represents but one claim asserted in Plaintiff's Complaint, staying the entire proceedings—save Plaintiff's third request for injunctive relief—would prevent parties from having to litigate the case on two different fronts, thereby consolidating resources and avoiding any confusion. Therefore, the undersigned recommends that Defendant's request to stay the proceedings be granted in part, except for the Plaintiff's third motion for injunctive relief (ECF No. 37).

### B. Plaintiff's Third Motion for Temporary Restraining Order

Also pending before the Court is Plaintiff's third Motion for Temporary Restraining Order. (ECF No. 37). Because this motion is unrelated to Plaintiff's first motion for injunctive relief, which is the object of Defendants' appeal, the Court retains jurisdiction to address it. Further, and consistent with the Court's authority to control its docket, the undersigned finds that this motion is ripe for consideration.

**1. Legal Standard**

Because Plaintiff's motions for injunctive relief have twice before been before this Court, the parties should be well acquainted with Rule 65 of the Federal Rules of Civil Procedure, which governs the issuance of temporary restraining orders and preliminary injunctions, and the four *Dataphase* factors courts consider in deciding whether to grant injunctive relief. *Dataphase*

11

*Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc) ((1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993). Further, the purpose of a preliminary injunction in a lawsuit is to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (citing *Dataphase*, 640 F.2d at 113 & n.5). And the moving party—in this case, the Plaintiff—bears the burden of proving a preliminary injunction is warranted. *See Goff*, *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

### 2. Analysis

Here, the Defendants urge the Court to deny Plaintiff's motion for injunctive relief, arguing, in part, that Plaintiff has failed to establish the necessary relationship between the request for relief—an order prohibiting the Defendants from interfering with the delivery of Plaintiff's mail—and the claims alleged in Plaintiff's Complaint, which concern access to news, literature, and religious materials at the WCDC. The undersigned agrees.[2]

As the undersigned explained in the recommendation to deny Plaintiff's second request for injunctive relief, as a threshold matter, "a party moving for a preliminary injunction must

---

[2] This Court is not, however, entirely persuaded by Defendants' argument that Plaintiff's request for injunctive relief should be denied on the grounds that the individuals purportedly responsible for interfering with his mail—Dfcs. Stout, Sowell, and Vincent—are not named as defendants to this lawsuit. Although "a court cannot lawfully enjoin the world at large," *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832-33 (2d Cir. 1930), by its own terms, Rule 65 contemplates the enjoinment of "other persons who are in active concert or participation" with the parties or the parties' agents. Fed. R. Civ. P. 65(d)(2)(C). For the reasons outlined above, however, the Court need not reach the question of whether Dfcs. Stout, Sowell, and Vincent may be properly enjoined under Rule 65(d)(2)(C).

necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose*, 42 F.3d at 471 (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975)). Although "inmates have a First Amendment right of free speech to send and receive the mail," *Hudson v. Palmer*, 468 U.S. 517, 547 (1984), and Plaintiff's Complaint also implicates the First Amendment, the connection between the two ends there. Plaintiff's third request for injunctive relief concerns mail delivery, which presents a completely separate factual predicate than the First Amendment access-to-printed-materials claim asserted in his Complaint. Accordingly, Plaintiff's third request for injunctive relief should be denied on this basis.

That said, of final note, since filing his latest request for injunctive relief, Plaintiff has been transferred to a different detention facility. (ECF No. 49). He is, therefore, no longer subject to the conditions that prompted his request for injunctive relief. Thus, even if the request for injunctive relief was not fatal on its merits, it should nevertheless be denied as moot. *See Butler v. Dowd*, 979 F.2d 661, 673-74 (8th Cir. 1992) ("A showing that unconstitutional practices have taken place in the past is not enough [to warrant injunctive relief]. [Plaintiff] must show that such practices are likely to affect him in the future.") (citing *Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989)).

### IV. CONCLUSION

For the reasons discussed above, the undersigned recommends that:

1. Defendants' Motion to Stay Pending Interlocutory Appeal (ECF No. 34) be **GRANTED IN PART** and **DENIED IN PART**.

    a. The motion be **GRANTED** to the extent that it seeks a stay of the order for

       injunctive relief.

   b. The motion be **GRANTED** to the extent that it seeks to stay this *proceeding* in all respects except for Plaintiff's Motion for Temporary Restraining Order (ECF No. 37).

   c. The motion be **DENIED** to the extent that it seeks to stay Plaintiff's Motion for Temporary Restraining Order (ECF No. 37).

2. Plaintiff's Temporary Restraining Order (ECF No. 37) be **DENIED**.

3. All other pending motions, specifically Plaintiff's Motion to Compel (ECF No. 26) and Plaintiff's Motions for Contempt (ECF No. 28, 29, 44) be **STAYED** pending the outcome of Defendants' interlocutory appeal to the Eighth Circuit Court of Appeals.

4. Defendants' Renewed Motion to Stay and Alternative Motion for Extension of Time to File Motion for Summary Judgment (ECF No. 50) be **DENIED** as **MOOT**.

5. The Clerk should be **DIRECTED** to **STAY** and **ADMINISTRATIVELY TERMINATE** this case pending the Defendants' interlocutory appeal to the Eighth Circuit Court of Appeals.

6. The parties should be **DIRECTED** to notify the Court within seven days of the resolution of the pending Eighth Circuit appeal so that this matter may proceed in this Court without further delay.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by**

**the district court.**

DATED this 13th day of February 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE