IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN WILLIAM SCHARNHORST, III                                                        PLAINTIFF

v.                          Civil No. 5:22-CV-05138-TLB

CHIEF DEPUTY JAY CANTRALL;
MAJOR RANDALL DENZER;
LIEUTENANT KEVIN EAST;
LIEUTENANT NOLAN AKE;
LIEUTENANT AMANDA ARNOLD,
Washington County Detention Center                                                   DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff John William Scharnhorst, III, a prisoner,[1] filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, generally alleging he has been denied access to the newspaper, literature, and religious material at the Washington County Detention Center (WCDC) in violation of his constitutionally protected rights. (ECF No. 7).

The Court currently addresses Plaintiff's Third Motion for Contempt filed on December 29, 2022. (ECF No. 44).[2] U. S. Magistrate Judge Mark Ford previously recommended Plaintiff's contempt motions be stayed pending outcome of the Defendants' appeal to the United States Court of Appeals for the Eighth Circuit of U.S. District Judge Brooks's order granting Plaintiff's request for preliminary injunctive relief. (ECF No. 51). The parties have stipulated to a dismissal

---

[1] Plaintiff was a pretrial detainee at the Washington County Detention Center (WCDC) at all times relevant to the claims in the Complaint. (ECF No. 1). Since that time, publicly accessible Arkansas state court records show that he has resolved his Washington county criminal case. *State of Arkansas v. Scharnhorst*, 72CR-21-1768 (Ark. Cir. Ct.) (AOC Public CourtConnect). He is currently in the custody of the Arkansas Department of Corrections and incarcerated at the Ouachita River Correctional Unit in Malvern, Arkansas. *See* Inmate Search, The Arkansas Department of Corrections, https://apps.ark.org/inmate_info/index.php (last visited Mar. 27, 2023).

[2] Plaintiff has three other motions for contempt which will be addressed separately.

of the appeal (ECF No. 54); the matter has been transferred to the undersigned; and Plaintiff's Third Motion for Contempt is ripe for the Court's consideration.[3]

## BACKGROUND

Plaintiff alleges contempt by Defendants when they violated Rule 5.2 of the Federal Rules of Civil Procedure by failing to redact Plaintiff's personal identifying information, such as his social security number, his purportedly privileged correspondence with the Washington County Public Defender's Office, and his medical information within the Defendants' response to his motion to compel. (ECF No. 44). For relief, Plaintiff requests the Court "impose appropriate punitive judgement including monetary compensation to John Scharnhorst, fines, and a reasonable period of incarceration at the filthy, mis-managed, violent jail they operate, the Washington County Detention Center." (ECF No. 44).

## DISCUSSION

"One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000) (citing *United States v. United Mine Workers*, 330 U.S. 258, 290 n.56 (1947)). Civil contempt "may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both." *Id.* at 505 (citing *United Mine Workers*, 330 U.S. at 303-04)). "Either incarceration or a fine may accomplish the purpose of coercion, while 'where compensation is intended, a fine is imposed, payable to complainant.'" *Id.* (quoting *United Mine*

---

[3] "Although magistrate judges do not themselves have contempt power, they may certify contemptuous acts or conduct to a district judge, who may then adjudicate that person or party in contempt 'by reason of the facts so certified.'" *Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 504-05 (8th Cir. 2000) (quoting 28 U.S.C. § 636(e)).

*Workers*, 330 U.S. at 304). "A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order." *Chicago Truck Drivers*, 207 F.3d at 505 (citing *Indep. Fed'n of Flight Attendants v. Cooper*, 134 F.3d 917, 920 (8th Cir. 1998)). If the moving party meets that initial burden, the burden then shifts to the alleged non-moving party to show inability to comply. *Id.*

As noted, Plaintiff says Defendants should be found in contempt for failing to comply with Rule 5.2 of the Federal Rules of Civil Procedure when Defendants included unredacted confidential information in its public filing. (ECF No. 44). Specifically, Plaintiff contends Defendants' Response to his Motion to Compel contains: (1) Plaintiff's unredacted social security number; (2) medical information "regarding disease, diagnosis, treatment, medication, and private correspondence with Dr. Karas' medical staff;" and (3) privileged correspondence between Plaintiff and the Washington County Public Defender's Office. *Id.* Plaintiff, however, does not identify any court order that the Defendants purportedly violated in filing documents containing Plaintiff's personal identifying information, and the Court can identify none. Thus, Plaintiff – as the moving party – has failed to meet his initial burden, and the Court need not further address the contempt motion. *Chicago Truck Drivers*, 207 F.3d at 505 (establishing that the party requesting a contempt order has the initial burden of establishing a violation of a court order). For this reason, the Court recommends that Plaintiff's Third Motion for Contempt (ECF No. 44) be **DENIED.**

That being said, the Court observes that Rule 5.2 of the Federal Rules of Civil Procedure clearly dictates how parties are to file Court documents which contain an "individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known

to be a minor, or a financial-account number." Fed. R. Civ. P. 5.2(a). It is within the inherent authority of the Court to sanction a party for violating this (or any other) procedural rule. *See Engeseth v. Cnty. of Isanti, Minn.*, 665 F.Supp.2d 1047, 1048 (D. Minn. 2009) (sanctioning plaintiff's counsel for failing to comply with Rule 5.2 of the Federal Rules of Civil Procedure).

Defendants do not appear to challenge Plaintiff's contention that his unredacted social security number initially appeared in Defendants' Response to Plaintiff's Motion to Compel. (See ECF No. 48). Defendants instead claim that Plaintiff's unredacted social security number appeared only once, and that the public link to this document has since been replaced with a redacted copy. (Resp. at ¶ 3 (ECF No. 48)). With recognition that the filing in question spans over 800 pages, (ECF No. 32), the Court is not persuaded that a Rule 5.2 violation should be excused simply because Plaintiff's entire social security number appeared only once. As the Court recognized in *Engeseth v County of Isanti, Minn.,* 665 F. Supp. 2d 1047 (D. Minn. 2009), "[a]lthough electronic filing significantly improves the efficiency and accessibility of [] the court system, it also elevates the likelihood of identity theft and damage to personal privacy when lawyers fail to follow federal and local rules." *Engeset,* 665 F.Supp. 2d at 1048. Even a single inadvertent disclosure of personal identifying information, particularly a social security number, could prove detrimental. In further mitigation, Defendants report that they corrected the error when it came to their attention, arguing no sanction should be imposed. The Court is inclined to agree that sanctions are not required in this instance, however, the Court remains troubled by sloppy pleading which exposes litigants to these types of recognized risks. All parties are warned that any future violations of Rule 5.2 – inadvertent or not – may result in sanctions against the offending party.

Finally, the Court considers Plaintiffs' claim that, in this filing, Defendants also disclosed sensitive medical information and attorney/client privileged information. Rule 5.2 does not explicitly address these types of disclosures. For that reason, even if true, Plaintiff's contention that Rule 5.2 was violated by Defendants when they included unredacted medical or privileged information in a pleading is unavailing. To the extent that Plaintiff claims violation of another rule, or is requesting another form of relief, the Court declines to develop an argument on his behalf. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (although pro se filings are to be liberally construed, federal courts are not required to assume facts not alleged or construct a legal theory for plaintiff that assumes facts that have not been plead).

## CONCLUSION

For these reasons, the undersigned recommends that Plaintiff's Third Motion for Contempt (ECF No. 44) be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 31st day of March 2023.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE