## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

JOHN WILLIAM SCHARNHORST, III                                    **PLAINTIFF**

**V.**                                    **CASE NO. 5:22-CV-5138**

CHIEF DEPUTY JAY CANTRELL, et al.                        **DEFENDANTS**

### ORDER

Before the Court is the Report and Recommendation ("R&R") (Doc. 87) filed in this case on August 11, 2023, by the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. The R&R concerns Plaintiff John William Scharnhorst, III's Motions for Contempt (Docs. 28, 29, 57), which allege that the Washington County Detention Center ("WCDC") violated the preliminary injunction issued on November 10, 2022, on three separate occasions. The preliminary injunction reads as follows:

> The Washington County Detention Center is **ORDERED** to provide a daily newspaper to inmates in electronic format, and if an electronic version is unavailable, to provide another form of access, such as a hard copy.

(Doc. 21, p. 5).

The first Motion (Doc. 28) claims the WCDC failed to provide a daily newspaper in any format on November 27, 2022. The second Motion (Doc. 29) claims the same thing happened on November 29, 2022. And the third Motion (Doc. 57) claims it happened again during the 17-hour period from 5:00 p.m. on March 14, 2023, to 10:00 a.m. on March 15, 2023. The Magistrate Judge recommends granting the first Motion and denying the other two.

1

On August 24, 2023, Defendants filed Objections to the R&R (Doc. 88), and on September 1, 2023, Mr. Scharnhorst filed a Response to the Objections (Doc. 93). In view of Defendants' Objections, the Court has performed a *de novo* review of the record, as required by 28 U.S.C. § 636(b)(1)(C).

Defendants admit the WCDC did not provide a copy of the daily newspaper in any format on November 27. They contend a reasonable interpretation of the preliminary injunction is that if an electronic version is unavailable, jail staff must round up over 800 paper copies of the newspaper and provide one to each and every inmate. Since doing that is impossible, they claim complying with the preliminary injunction is impossible—so they ignored it on November 27, when the electronic kiosk was not working. If Defendants were sincerely confused about what the preliminary injunction required, their recourse was to seek clarification, not shrug their shoulders and sit on their hands. Further, if Defendants believed the Court had ordered them to do something that was physically and fiscally impossible, moving for reconsideration or, at the least, clarification, was preferable to inaction. The Court agrees with the Magistrate Judge that Defendants' interpretation of the preliminary injunction is "unreasonable" and "absurd." (Doc. 87, p. 11). The R&R's analysis and recommendation as to this Motion (Doc. 28) is therefore **ADOPTED IN ITS ENTIRETY**, and Defendants' objection thereto is **OVERRULED**. They are in contempt for their failure to comply with the preliminary injunction on November 27, 2022.

As for the other two Motions for Contempt (Docs. 29 & 57), the Magistrate Judge recommends denying them. Mr. Scharnhorst states in his Response, which the Court

2

construes as an objection, "I object to them not being found in contempt on Nov. 29, 2022 and Mar. 15, 2023." He provides no other analysis. The Court disagrees with Mr. Scharnhorst and is well persuaded by the Magistrate Judge's reasoning. Accordingly, his objection is **OVERRULED**.

**IT IS THEREFORE ORDERED** that Mr. Scharnhorst's first Motion for Contempt (Doc. 29) is **GRANTED**, while his other two Motions (Docs. 29 & 57) are **DENIED**.

A civil sanction for contempt of a preliminary injunction is warranted "to coerce a recalcitrant party to comply" and "should be payable to the court, rather than to the opposing party." *See Chaganti & Assocs., P.C. v. Nowotny,* 470 F.3d 1215, 1224 (8th Cir. 2006).

Accordingly, Defendants are **ORDERED** to pay (collectively) the amount of **$100** to the Clerk of Court within **30 days** of the file date of this Order.

**IT IS SO ORDERED** on this 5th day of September, 2023.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

3